Anna BOHRER, formerly Anna L. De-
Angelis, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 78, Docket 26305.

United States Court of Appeals
Second Circuit.

Argued Nov. 4, 1960.

Decided Nov. 25, 1960.

———◆———

Benjamin Phelosof, Rochester, N. Y.,
for appellant.

Neil R. Farmelo, U. S. Atty., Western
Dist. of New York, Buffalo, N. Y., for
defendant-appellee; Robert J. Plache,
Asst. U. S. Atty., Buffalo, N. Y., of
counsel, William I. Schapiro, Buffalo,
N. Y., on the brief.

Before SWAN, CLARK and MEDINA,
Circuit Judges.

PER CURIAM.

This is an action by the widow of a veteran of World War I under a war risk insurance policy which named her as sole beneficiary. After the insured's separation from service, his policy lapsed for non-payment of the premium due for the month of September 1919. It was reinstated as of July 1, 1927 and the July premium was paid by him. No premium was paid for August, 1927, or any subsequent month, and the reinstated policy lapsed on September 1, 1927, unless the insured was totally and permanently disabled on that date. As defined in the policy, "Total permanent disability as referred to herein is any impairment of mind or body which continuously renders it impossible for the disabled person to follow any substantially gainful occupation, and which is founded upon conditions which render it reasonably certain that the total disability will continue throughout the life of the disabled person." The insured died by suicide on August 30, 1931.

The present action, commenced in February 1958, was brought under Private Law 85–118, 85th Congress, enacted August 14, 1957, 71 Stat. A.47. The complaint charges that plaintiff's deceased husband was totally and permanently disabled before the reinstated policy lapsed on September 1, 1927. This was put in issue by defendant's answer. The case was tried by Judge Burke without a jury and his decision was rendered on February 24, 1960. He made detailed findings of fact and held as conclusions of law that the policy lapsed on September 1, 1927, that the insured was not totally and permanently disabled within the period July 1 to September 1, 1927, and that the complaint should be dismissed without costs.

With commendable frankness the appellant states that the appeal involves only the question whether the findings of fact made by the trial court are so

438

clearly erroneous that they must be set aside. In July 1930 the insured was admitted to the United States Veterans Hospital in Washington, D. C. and was found to have an incurable disease known as diabetes insipidus. It is the theory of the appellant that the onset of this disease occurred long before July 1, 1927, so that on that date and continuously thereafter the insured was totally and permanently disabled. Judge Burke's findings of fact show that he rejected this theory. It would serve no useful purpose to discuss these findings in detail. It will suffice to note that the doctor who examined the veteran on June 30, 1927, when he applied for reinstatement of the lapsed policy, recommended him as a first class risk, and as a result of urinalysis found the specific gravity of his urine to be 1.020. See Exhibit 3. Such specific gravity is concededly inconsistent with the existence of diabetes insipidus at that time. To contradict it, all that appellant can offer is to speculate that the figure may have been inserted by mistake. Exhibit 3 also contains statements by the insured that he was then in as good health as when the policy lapsed; that he was not then permanently and totally disabled, and that he had not been ill since the policy lapsed. Other findings are to the effect that on July 1, 1927 the insured was regularly employed as an orderly at Clearfield Hospital in Pennsylvania and had been so employed since 1919, and recite his work and earnings after discharge from the Clearfield Hospital employment on July 22, 1927. The testimony of doctors who had never seen the insured and whose expert opinion based on hypothetical questions was offered in support of appellant's theory of the onset of the disease prior to 1927, is not impressive. There is ample evidence in the record to support the findings of fact. We cannot hold them clearly erroneous.

Accordingly the judgment is affirmed.